IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,                                    No. CR. S-09-0543 EFB

      vs.

CHRISTINA NAVARRETTE, et al.,

      Defendants.                          <u>ORDER</u>

                                      /

The government moves to preclude Navarrette from eliciting her own exculpatory statements. Specifically, the government intends to offer evidence of certain self-inculpatory oral statements by defendant Navarrette that were made to law enforcement officers. Navarrette argues that under the "rule of completeness"[1] if some of her statements are presented in the government's case-in-chief, all of her statement's may be elicited through cross-examination of the officer(s) who testifies to Navarrette's statement. The government responds that although Navarrette's prior inculpatory statements are, by definition, not hearsay, her own exculpatory statements are inadmissible hearsay.

////

---

[1] *See* Fed. R. Evid. 611(a)

1

Navarrette is critical of the government's reading of the case law in this circuit on whether the rule of completeness applies to oral statements and insists that "the Ninth Circuit accepted that the rule of completeness applies to oral statements." Def.'s Trial Br. at 4; *see also* Dckt. No. 97 at 2-3. The Ninth Circuit addressed the matter of oral statements in *United States v. Ortega*, 203 F.3d 675 (9th Cir. 2000).

> For the following reasons, we affirm the exclusion of Ortega's non-self-inculpatory statements. First, Ortega's non-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements. *See Williamson v. United States*, 512 U.S. 594, 599, (1994). The self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay, *see* Fed. R. Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay. *See Williamson*, 512 U.S. at 599 (finding that "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts [which are hearsay]"). If the district court were to have ruled in his favor, Ortega would have been able to place his exculpatory statements "before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids." *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir.1988). Thus the district court did not abuse its discretion when it limited Ortega's ability to elicit his exculpatory hearsay statements on cross-examination.
>
> Second, the rule of completeness, *see* Fed. R. Evid. 106 (requiring that the redacted version of a statement not distort the meaning of the statement), *applies only to written and recorded statements*. *See United States v. Collicott*, 92 F.3d 973, 983 (9th Cir.1996) (finding that "rule 106 'does not compel admission of otherwise inadmissible hearsay evidence'") (quoting *Phoenix Associates III v. Stone*, 60 F.3d 95, 103 (2d Cir.1995)). Because the officer's testimony concerned an unrecorded oral confession, the rule of completeness does not apply. Even if the rule of completeness did apply, exclusion of Ortega's exculpatory statements was proper because these statements would still have constituted inadmissible hearsay. *See Collicott*, 92 F.3d at 983.
>
> Third, a court may impose reasonable limits on cross-examination without violating the Confrontation Clause. *See United States v. Dees*, 34 F.3d 838, 843 (9th Cir.1994). Precluding Ortega from eliciting inadmissible hearsay on cross-examination, given that he testified to the statements himself, is not the type of severe limitation on cross-examination that violates the Confrontation Clause. *See id.*; *see also Fernandez*, 839 F.2d at 640 (finding that due process does not require that the defendant be allowed to present exculpatory hearsay statements). The officer's testimony did not distort the meaning of Ortega's statements because Ortega testified to the statements not mentioned by the officer: that his cousin supplied Ortega with the pistol and that the same cousin gave Ortega the methamphetamine. Furthermore, Ortega's testimony did not infringe upon his Fifth Amendment right not to testify because he had already testified prior to the officer's testimony. Ortega should not be allowed to use the Confrontation

1     Clause as a means of admitting hearsay testimony through the "back door"
without subjecting himself to cross-examination. *See Fernandez*, 839 F.2d at 640.

203 F.3d at 682 - 83 (emphasis added).  The third reason stated in *Ortega* has only limited application here as Navarrette has not testified and may choose not to do so.  Nonetheless, the first two reasons directly apply, including the overarching concern that the defendant not be permitted to place her exculpatory statements before the jury without subjecting herself to cross-examination.  For the very reasons stated in *Ortega*, Navarrette may not be permitted under Rule 106 to do so here.

    Navarrette also argues that Rule 611(a)(2) permits an alternative route for application of the rule of completeness to oral statements.[2]  Her argument reduces to an end run around *Ortega*.  For the reasons stated in *Ortega*, Navarrette may not elicit through cross-examination of the officers her own allegedly self-exculpatory hearsay statements.

    IT IS SO ORDERED.

DATED: May 27, 2011.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 611(a)(2) provides authorizes the court to exercise reasonable control over the mode and order ot questioning of witnesses so as to "(2) avoid needless consumption of time."

3