```
BENJAMIN B. WAGNER
United States Attorney
JILL THOMAS
Assistant U.S. Attorney
RACHANA N. SHAH
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2800
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR. NO. S-09-543 EFB |
|---|---|---|
| Plaintiff, | ) | ORDER RE: PARTIES' MOTIONS IN LIMINE |
| v. | ) | |
| CHRISTINA NAVARRETTE, et al., | ) | TRIAL: May 31, 2011<br>TIME: 9:30 a.m.<br>COURT: Hon. Edmund F. Brennan |
| Defendants. | ) | |

This case came before the Court on April 20, 2011, for a hearing on both the defendants' and the Government's motions in limine. Counsel for both defendants appeared. The defendants did not appear, but have a waiver of appearance on file. Jill Thomas, Assistant U.S. Attorney, Rachana Shah, Special Assistant Attorney, and Colin Scott, Certified Law Student, appeared on behalf of the Government.

After considering the written briefs filed by the parties and after hearing oral arguments, the Court decided the motions in limine as set forth in the transcript attached to this summary order as Exhibit A. A summary of the Court's analysis and rulings is outlined below:

1. ***The Defendants' Statements to Ranger McMahon While in Custody.*** In light of the Government's non-opposition, the Court determined that the motion was moot. The Government reserved the right to use the statements for impeachment purposes should the defendants choose to testify.

2. ***Defendants' Motion To Exclude Reference to Incendiary Devices in the U-Haul.*** In light of the Government's non-opposition, the Court determined that this motion was moot.

3. ***Defendant Navarrette's Statements to CHP Officer Steve Rauch.*** Referring to *Texas v. Cobb*, 532 U.S. 162 (2001), the Court noted that the Sixth Amendment right to counsel is offense-specific,and therefore would only apply if Officer Rauch had made specific inquiries about possession of methamphetamine. The Court denied Defendant Navarrette's motion and her request for an evidentiary hearing, but noted that she could renew her motion after the Government filed a declaration from CHP Officer Rauch about the nature of his investigation.[1] The Court also noted that to the extent Defendant Navarrette argued that the offense-specific rule should not apply because the theft of the U-Haul and the possession of methamphetamine charge were inextricably intertwined, she could raise that if and when she renewed her motion.

4. ***Defendant Navarrette's Request to Be Provided with a Syringe.*** The Court ordered that the Government provide Defendant Navarrette's counsel with one of the syringes seized by Ranger Betsy McMahon on the condition that both defendants stipulate that they would not challenge

---

[1] The Government filed a Declaration of CHP Officer Steve Rauch on May 9, 2011, (Docket at 109) which stated that he did not question Defendant Navarrette regarding the drug possession charge against her.

the chain of custody. The Court further ordered that Defendant Navarrette's expert could obtain the syringe from the U.S. Attorney's Office and sign the syringe out as a receiver of evidence.[2]

5. **Defendants' Motion to Exclude the Butterfly Knife and Throwing Star.** The Court denied the defendants' motion, noting that the butterfly knife and the throwing star were relevant to show possession of the brown leather bag in which the methamphetamine was found.

6. **Defendant Navarrette's Motion To Reconstruct the Methamphetamine.** Defendant Navarrette withdrew her motion.

7. **Defendant Navarrette's Welfare Fraud Conviction.** The Court ordered that Defendant Navarrette's Welfare Fraud Conviction could be introduced for the purposes of impeachment.

8. **Defendants' Motion to Exclude Reference to Their Outstanding Warrants.** The Court granted the defendants' motion to exclude reference to the warrants on the condition that the defendants' submit a limiting instruction that would enable the government to present a comprehensive narrative. Defendant Abke was ordered to file a proposed limiting instruction for the government's review indicating that the defendants were constitutionally investigated, arrested, and searched.[3]

//

---

[2] On April 27, 2011, Ranger Betsy McMahon provided one syringe from the seized evidence to Defendant Navarrette's expert in the presence of her counsel at the U.S. Attorney's Office.

[3] To date, the Government has not received a proposed limiting instruction.

9. ***Defendant Abke's Motion to Exclude Prior Admission to Methamphetamine Addiction, Prior Possession of Knives, Prior Possession of Syringes, and Prior Possession of a Drug Kit.***

A. Prior Confession to Methamphetamine Addiction

The Court, relying on *United States v. Merhmanesh*, 689 F.2d 822 (9th Cir. 1982), denied Defendant Abke's motion to exclude Defendant Abke's prior statement to Redding Police Officer Will Williams that both he and his ex-girlfriend, Leah Schweitzer, were addicted to methamphetamine and that they both had a problem with it, whether she was willing to admit it or not. The statement may be admitted for the purpose of showing intent, knowledge, and lack of mistake. Defendant Abke may introduce the fact that he was not in possession of methamphetamine at the time that he made the statement.

B. Prior possession of knives, syringes, and a drug kit.

The Court denied Defendant Abke's motion to exclude his prior possession of knives, syringes, and a drug kit. The following prior acts may be admitted for the purposes of showing identity:

-On August 1, 2005, Defendant Abke was in possession of locked 2-inch folding knife with its blade exposed dangling from a key ring, a 17.5-inch single-edged knife, a 5.5-inch utility knife

-On October 7, 2008, Defendant Abke was in possession of a 6-inch fixed blade knife, 38 hypodermic needles, and a small blue bag with a tie on the end of it containing three hypodermic needles and a spoon with white residue on it.

10. ***Testimony of Criminalist Angela Stroman.*** The Court denied Defendant Abke's motion to exclude the testimony of Criminalist Angela Stroman, as the late production of impeachment materials was not

prejudicial in light of the postponed trial date. The Court also denied the Government's Motion to exclude the clerical error made by Angela Stroman following her test of the contents of the vial.

    11. ***Government's Motion to Exclude Second Lab Test and Testimony of Anna Brewer.*** The Court denied the Government's Motion to exclude the results of Anna Brewer's second test on the glass vial containing the suspected methamphetamine.

    12. ***Government's Motion to Exclude Reference to the U-Haul Being Stolen and Investigation of the Theft.*** The Court denied the Government's motion with respect to the investigation of the stolen U-Haul, but clarified that if Defendant Navarrette wishes to present evidence that there were two other people who possessed the U-Haul who were there on the night in question, that they left to get more alcohol, and that the U-Haul was emptied out the next day, she could only present that evidence through witnesses who have personal knowledge of those facts.

In light of the Government's non-opposition, the Court granted Defendant Abke's motion to exclude reference to the U-Haul being stolen.

    13. ***Government's Motion to Exclude Defendant Navarrette's Statements to CHP Officer Rauch as Inadmissible Hearsay.*** Defendant Navarrette moved to have her entire statement to CHP Officer Rauch admitted into evidence. The Government opposed the motion, arguing that the statements were inadmissible hearsay. The Court submitted on this motion, indicating that it wanted to review the Ninth Circuit's opinions in *United States v. Ortega*, 203 F.3d 675 (9th Cir. 2000), and *United States v. Collicott*, 92 F.3d 973 (9th Cir. 1996). A separate

order addressing that issue is issued concurrently with this order.

14. ***Defendant Navarrette's Motion to Prevent Defendants from Being Referred to as "Defendants" or "Suspects."***

The Court denied Defendant Navarrette's motion.  The Court requested that the Government try to refer to the defendants as "defendants" rather than suspects.

15. ***The Government's Motion to Exclude California Towing Company Sean Hage's Prior Convictions.***  In light of the defendants non-opposition, the Court granted this motion.

16. ***The Government's Motion to Exclude Testimony of Deceased Witnesses Cafourek and Chavez.***  The Court granted the Government's motion, stating that the statements of Cafourek and Chavez were inadmissible.

IT IS SO ORDERED.

Dated:  May 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE